STEPHEN CARVER *v.* JOSEPH M. LANE and another.

Where, upon a sale of articles in bags, the purchaser took away a sample; *held,* that there was no delivery within the provisions of the statute of frauds.

To constitute a symbolical delivery, the act must show that the vendor relinquishes his control over the property, and places it within the power of the vendee.

Where a sale is made, upon condition that the property has not already been sold by a broker; a delivery cannot be inferred from the act of the conditional purchaser in taking a sample, before it is ascertained whether such prior sale has been effected.

APPEAL from a judgment of nonsuit. The proceedings on the trial are set forth in the opinion.

*Wm. W. Niles* and *S. V. Bagley*, for the plaintiff.

*David Evans*, for the defendant.

BY THE COURT. INGRAHAM, FIRST J.—This action was to recover the price of goods sold. The defence was the statute of frauds. There was no written contract, and no payment on account. The plaintiff alleged that he was assignee of the vendor, and that the sale was rendered valid by a partial delivery, and other acts of possession on the part of the purchaser.

It appears, from the testimony of Beavers, the vendor, that he sold to the defendants a lot of middlings in bags; he says, in his direct testimony, about 10,000 bags, and in his cross examination, that he told the defendants there were about 1,000 bags in the boat; that the vendor says, I think defendant, Lane, took a sample out of my store. He also stated that the agreement to sell was upon condition that the broker had not made a sale.

The broker also stated that Lane told him he had bought, the day previously, of Beavers, on condition that he, the broker, had not sold the goods, and asked the broker for a sample; and he thinks the defendant took it in his hand. It also appeared that Lane asked the broker to sell some of the bags for him, but he failed to do so.

Upon this evidence the court on the trial nonsuited the plaintiff, and the plaintiff appealed.

To make a sale valid under the statute of frauds, where the amount of sale exceeds $50, one of three things is necessary: 1st. That the contract should be reduced to writing; 2d. That money or other things should be paid on account; and, 3d. That there should be a delivery in whole or in part.

It is not pretended that there was any writing or payment. The case is equally bald as to any proof of delivery. There

is nothing in the case which warrants any idea of delivery, except the mere fact of the defendant, Lane, taking a sample from the vendor, and this is not proven. He says, I think he took the sample. It is not the mere taking the sample that would amount to a delivery. If a symbolical delivery is relied on, it must appear to be a delivery by the vendor, and an acceptance by the vendee, with a view to change the possession. A mere taking a sample in his hand, without any express understanding that such taking of the sample was to be a delivery, would amount to nothing. It would in fact be no more than what took place at the broker's, where, it is said by the broker, he thinks the defendant took some of the samples in his hand. (*Shendler* v. *Houston*, 1 Comst. 261.) It would be idle to hold such a transaction to be a delivery of part of the things sold.

At this time, also, the sale was not complete. The quantity was not ascertained, and what is of still more importance, the parties had to ascertain whether or not the broker had not sold previously the articles to another. The sale was only conditional on ascertaining that fact. There could have been no delivery at that time, because the contract of sale was not perfect. If it had been ascertained that the broker had sold previously to another, how could the vendor be protected, if the taking the sample the day previously was to be construed as a delivery?

In *Shendler* v. *Houston*, *supra*, it is said that the delivery without handling the property is only where the seller does an act by which he relinquishes his dominion over the property, and puts it in the power of the buyer. In such case, there is, in addition to the words of bargain, an act by which the dominion over the goods is transferred from the seller to the buyers. No such thing occurred in this case. The vendor never parted with the control of his property, actually or symbolically, nor do I think he ever intended to without payment. He could not have done so according to the terms of his contract, because he did not make the bargain binding until he ascertained whether a previous sale had not been

made, and there was nothing in the act of taking the sample, even if it was taken, which would amount to a delivery or acceptance of the goods.

The nonsuit was properly granted, and the judgment should be affirmed, with costs.

Judgment of nonsuit affirmed, with costs.